UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANSON WHITTED,

                Petitioner,

      - *against* -

D. MARTUSCELLO,

                Respondent.

11 Civ. 1222 (VB)(PED)

**REPORT AND RECOMMENDATION**

---

TO THE HONORABLE VINCENT BRICCETTI, UNITED STATES DISTRICT JUDGE:

Petitioner Anson Whitted ("petitioner" or "defendant") has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The petition comes before me pursuant to a Reassignment of a Referral to Another Magistrate Judge dated November 5, 2013. For the reasons set forth below, I conclude that the petition is time-barred and therefore respectfully recommend that Your Honor dismiss the petition in its entirety.

## I. BACKGROUND[1]

### A. The Crimes, Indictment, Guilty Plea, and Sentencing

On November 9, 1999, by Orange County Indictment No. 99-685, petitioner and three co-defendants were charged with three counts of third degree criminal possession of a weapon. The charges stemmed from a vehicle stop in the Town of Newburgh, New York on October 13, 1999, during which police officers found three loaded handguns in the vehicle. On February 28,

---

[1] Unless otherwise indicated, the information within this section is gleaned from the instant petition (Dkt. #1), respondent's Affirmation in Opposition to a Petition for a Writ of Habeas Corpus (Dkt. #9), Respondent's Memorandum of Law and Record of Exhibits ("Resp. Opp.") (Dkt. #10) and petitioner's Reply to Memorandum of Law ("Reply") (Dkt. #16).

2000, petitioner pled guilty to one count of third degree criminal possession of a weapon. He was sentenced on May 1, 2000 to a two-year determinate term of imprisonment. At the time of his plea and sentencing, petitioner was not informed that his sentence also included a mandatory period of post-release supervision pursuant to New York Penal Law § 70.45.[2]

## B.   First Motion to Vacate the Judgment of Conviction

In 2006, petitioner – by then back in custody on other charges – was visited by a Parole Officer who informed him that he was subject to a mandatory five-year term of post-release supervision ("PRS") in conjunction with his Orange County sentence.[3] On or about August 8, 2006, petitioner filed a motion pursuant to New York Criminal Procedure Law ("CPL") § 440.20 seeking to vacate his Orange County conviction on the ground, *inter alia*, that the trial court's failure to advise him of the five-year term of PRS rendered his plea involuntary. Resp. Opp., Exh. 5.[4] In response to his motion, the People conceded that petitioner's plea must be vacated because, at the time of his sentencing, the court failed to inform petitioner that his sentence would include a period of PRS (Exh. 6, at 3).[5]

---

[2]   "In 1998, as part of Jenna's Law, the Legislature adopted Penal Law § 70.45, which directs that postrelease supervision is a mandatory component of all determinate prison sentences." People v. Williams, 14 N.Y.3d 198, 206, 925 N.E.2d 878, 899 N.Y.S.2d 76 (2010).

[3]   Petitioner was incarcerated at that time pursuant to an unrelated Westchester County conviction which stemmed from his arrest in the City of Peekskill, New York on January 17, 2000 (approximately one month prior to his Orange County guilty plea). On January 11, 2001, petitioner pled guilty on Westchester County Indictment No. 2000-394 to one count of first degree assault. He was sentenced on February 22, 2001 to a seven-year determinate term of imprisonment, to run concurrent with his Orange County sentence.

[4]   Hereinafter, all citations to "Exh. ___" refer to exhibits found in Respondent's Record of Exhibits.

[5]   The People acknowledged that the circumstances of petitioner's case could not be distinguished from People v. Catu, 4 N.Y.3d 242 (2005), wherein the New York Court of

By Decision and Order dated November 6, 2006, the County Court, Orange County (Berry, J.) granted petitioner's motion, vacated his conviction and ordered that petitioner be produced on November 20, 2006 "for further proceedings under the Indictment" (Exh. 7). Following several conferences, the matter was adjourned until January 31, 2007. Meanwhile, on January 26, 2007, petitioner was released from custody pursuant to his Westchester County conviction. Five days later, on January 31, 2007, petitioner appeared in County Court, Orange County at which time he declined to withdraw his guilty plea and was resentenced to a term of imprisonment of two years followed by a three year term of PRS.[6]

## C. Second Motion to Vacate the Judgment of Conviction

On February 23, 2010, the New York Court of Appeals held (for the first time) that, where a sentencing court has not pronounced a period of PRS, "the Double Jeopardy Clause prohibits a court from resentencing the defendant to the mandatory term of PRS after the defendant has served the determinate term of imprisonment and has been released from confinement by DOCS." People v. Williams, 14 N.Y.3d 198, 217, 925 N.E.2d 878, 899 N.Y.S.2d 76 (2010). Two months later, on or about April 28, 2010, petitioner filed a motion pursuant to CPL § 440.10 to vacate his Orange County conviction on the following grounds: (1) his guilty plea was not knowing, voluntary and intelligent because he was not aware of all of the "direct consequences" of the guilty plea; (2) pursuant to *Williams*, his resentencing constituted double jeopardy because the trial court imposed PRS even though petitioner had completed his sentence and was no longer in custody (Exh. 9). In response, the People conceded that

---

Appeals held that a trial court's failure to inform a defendant that a determinate sentence included a term of PRS rendered his guilty plea unknowing and involuntary.

[6]    Neither party has provided a transcript of the resentencing proceeding.

-3-

petitioner's term of PRS must be stricken in light of *Williams* (Exh. 10). Petitioner submitted a "Rebuttal" in which he asserted that he did "not wish to have the post-release supervision stricken from the record" but, rather, he wanted "to be placed back to pre-pleading status as of the Decision and Order dated November 6, 2006" and "to face the entire Indictment" (Exh. 11, at 2).

By Decision and Order dated June 29, 2010, the County Court, Orange County (Berry, J.) denied petitioner's motion to vacate "in as much as defendant was given an opportunity to withdraw his plea of guilty when he appeared in Court for re-sentencing on January 31, 2007 and chose not to do so . . . . In the present case, defendant does not seek to vacate or set aside the sentence of post-release supervision. Therefore, *Williams* . . . is not controlling." (Exh. 12 (citations omitted)). On October 6, 2010, the Second Department denied petitioner's request for leave to appeal the denial of his CPL 440.10 motion (Exhs. 12A, 15). On December 27, 2010, the New York Court of Appeals rejected petitioner's attempt to further appeal the denial of his 440.10 motion (Exh. 16).

### D. The Instant Petition and Application for Stay of Proceedings

Petitioner filed the instant petition on February 10, 2011, the date he delivered it to prison officials for mailing.[7] See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (extending the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), to *pro se* petitions for habeas relief). Petitioner seeks habeas relief on the same grounds raised in his second motion to vacate, *to wit*:

---

[7] Although nearly 11 years had passed since petitioner's original two-year sentence was imposed in May 2000, and more than five years had passed since the court added three years' PRS at the January 2007 resentencing, because of intervening, unrelated incarceration petitioner remained subject to unexpired PRS when he filed his petition. See N.Y. Penal L. § 70.45[5][e]. Accordingly, the petition meets the "in custody" requirement for *habeas* review. See 28 U.S.C. § 2254(a).

(1) his guilty plea was not knowing, voluntary and intelligent because he was not aware of all of the "direct consequences" of the guilty plea; and (2) pursuant to *Williams*, his resentencing constituted double jeopardy. Petition ¶ 13.

By Order dated July 6, 2011 (Dkt. #15), Your Honor granted petitioner's request to stay the proceedings (Dkt. #13) to allow him to pursue state remedies "[b]ecause the state proceeding may make some issues in this proceeding moot."

On or about April 27, 2011, petitioner filed a CPL 440.20 motion to set aside his resentence on the ground that it was imposed after his release from prison and, as such, it was unauthorized pursuant to *People v. Williams*, 14 N.Y.3d 198 (Exh. 18). By Decision and Order dated July 29, 2011, the County Court, Orange County (Berry, J.), with consent of the Orange County District Attorney, granted the motion to the extent that it vacated petitioner's three-year term of PRS imposed on January 31, 2007 (Dkt. #24).[8]

Upon notification from the parties of the state court's ruling, Your Honor lifted the stay of proceedings on August 22, 2011 (Dkt. #18).

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. See 28 U.S.C. § 2244(d)(1). The one-year limitation period runs from the latest of:

---

[8] Accordingly, petitioner's habeas claim that his resentencing constituted double jeopardy is moot.

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

**B.   Application of the Statute of Limitations to the Instant Petition**

Petitioner argues that the one-year statute of limitations began to run on February 23, 2010 when the New York Court of Appeals decided *Williams*. Petition at ¶ 14. Specifically, petitioner alleges that § 2244(d)(1)(B) governs here because the *Williams* decision "removed" an "impediment" which prevented him from filing the instant petition. Id. Petitioner's argument is clearly misplaced. "In order to invoke Section 2244(d)(1)(B), a petitioner must show that (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Calderola v. Capra, No. 12 Civ. 6133, 2013 WL 5328197, at *15 (S.D.N.Y. Sept. 6, 2013).[9] Petitioner offers no evidence of an unconstitutional impediment to filing the instant petition. Thus, application of § 2244(d)(1)(B) is unwarranted.[10]

The instant petition is therefore untimely pursuant to § 2244(d)(1)(A). Because petitioner did not file a notice of appeal, his conviction became final on March 2, 2007, thirty

---

[9]   Copies of all unpublished opinions and decisions available only in electronic form cited herein have been mailed to petitioner. See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

[10]   Petitioner does not argue that either §2244(d)(1)(C) or §2244(d)(1)(D) applies.

days after he was resentenced on January 31, 2007.[11] See N.Y. Crim. Proc. Law § 460.10(1)(a) ("A party seeking to appeal from a judgment or a sentence or an order and sentence included within such judgment . . . must, within thirty days after imposition of the sentence . . . file with the clerk of the criminal court in which such sentence was imposed or in which such order was entered a written notice of appeal . . . stating that such party appeals therefrom to a designated appellate court."); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (AEDPA's one-year limitations period begins to run when a petitioner's time to file a notice of appeal expires under N.Y. Crim. Proc. Law § 460.10). Accordingly, the instant habeas petition was time-barred under the AEDPA as of March 3, 2008,[12] unless the AEDPA's tolling provision applies or the limitations period was tolled by equitable considerations.

C.  **Statutory Tolling**

The AEDPA's statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief, or other collateral review, of a claim raised in the petition. See 28 U.S.C. § 2244(d)(2). Petitioner argues that the statute of limitations was tolled until he filed his second motion to vacate on or about April 28, 2010 whereupon, according to petitioner, the statute of limitations "restart[ed]." Reply at 1, 4. Contrary to petitioner's

---

[11] The AEDPA limitations period ran from the date Petitioner's re-sentencing became final. "Final judgment in a criminal case means sentence. The sentence is the judgment." Burton v. Stewart, 549 U.S. 147, 156 (U.S. 2007). Therefore, "a habeas petitioner's 'limitations period d[oes] not begin until both his conviction and sentence 'bec[o]me final . . . ,'" which in this context did not occur until after petitioner was re-sentenced. Walker v. Perlman, 556 F. Supp. 2d 259, 262-63 (S.D.N.Y. 2008); see also Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007).

[12] Respondent notes that March 2, 2008 was a Sunday and, therefore, concedes that petitioner was afforded one additional day.

argument, the filing of his second motion to vacate did not toll or restart the statute of limitations period because that motion was filed well after the one-year limitations period had expired. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (filing of state court collateral challenge after expiration of one-year statute of limitations does not reset date from which the statute of limitations begins to run); De Los Santos v. Ercole, No. 07 Civ. 7569, 2013 WL 1189474, at *3 (S.D.N.Y. Mar. 22, 2013) (collecting cases and holding that a collateral motion that was not filed "*within* the one-year limitation period" does not reset or toll the statute) (emphasis in original). Accordingly, I conclude and respectfully recommend that the AEDPA's tolling provision, § 2244(d)(2), is inapplicable to the instant matter.

### D.     **Equitable Tolling**

Petitioner will be entitled to equitable tolling of the AEDPA limitations period only if he demonstrates (1) "that extraordinary circumstances prevented him from filing his petition on time," and (2) that he acted with "reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17. "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Here, in his Reply, petitioner seeks to equitably toll the period between his resentencing (on January 31, 2007) and the date he filed his second motion to vacate (on or about April 28, 2010), on the grounds that (1) trial counsel ignored petitioner's request to file a timely notice of appeal from his

resentencing[13] which constituted an "extraordinary circumstance" and (2) petitioner was diligently pursuing his attack on his Westchester County conviction and filed his second motion to vacate his Orange County conviction immediately following the Court of Appeals decision in *Williams*, 14 N.Y.3d 198, which put him on notice of his double jeopardy claim.[14]

"Because a lawyer is the agent of his client, the client generally 'must bear the risk of attorney error.'" Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 130 S. Ct. 2549, 2560 (2010)). "Therefore, 'a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.'" Id. (quoting Holland, 130 S. Ct. at 2564). "Rather, in order to rise to the level necessary to constitute an 'extraordinary circumstance,' for purposes of tolling § 2254's limitation period, attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." Id. See, e.g., Nickels v. Conway, 480 Fed. App'x 54, 56 (2d Cir. 2012) (extraordinary circumstance based on counsel's failure to file a habeas petition despite repeated direction to do so, providing erroneous information about the importance of the statute of limitations, providing false assurances about petition's progress, and failing to communicate with petitioner) ; Dillon v. Conway, 642 F.3d 358, 363-64 (2d Cir. 2011) (extraordinary circumstance where counsel ignored client's letters emphasizing the importance of filing on time).

---

[13] A timely notice of appeal would have presumably extended the period of petitioner's direct review and, accordingly, the start date of the statute of limitations. See 28 U.S.C. § 2244(d)(2).

[14] Although petitioner's Reply is somewhat convoluted, the Court has liberally construed his assertions therein to aver the strongest argument for equitable tolling they suggest. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007); Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999).

Moreover, even assuming *arguendo* that trial counsel's failure to timely appeal petitioner's resentencing constituted an extraordinary circumstance, petitioner is not entitled to equitable tolling because he fails to demonstrate a "causal relationship" between his attorney's conduct and his own failure to timely file his habeas petition. See Valverde, 224 F.3d 129, 134. Petitioner argues that he was diligently pursuing his *Westchester* conviction, which has no bearing upon his diligence–or lack thereof–in pursuing the instant habeas relief. Petitioner also argues that he diligently filed his second motion to vacate but does not explain why, at the time he allegedly learned he had a viable double jeopardy claim, he did not immediately file a habeas petition. In sum, petitioner fails to demonstrate any "extraordinary circumstance" which prevented him from timely filing his habeas petition or that he acted with reasonable diligence throughout the period he seeks to toll. See Smith, 208 F.3d 13, 17. Accordingly, I conclude and respectfully recommend that equitable tolling is not warranted.

### III. CONCLUSION

For the reasons set forth above, I conclude—and respectfully recommend that Your Honor should conclude—that the instant petition for a writ of habeas corpus should be dismissed as time-barred. Further, because reasonable jurists would not find it debatable that petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, I recommend that no certificate of appealability be issued. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Dated: December 3, 2013
       White Plains, New York

Respectfully submitted,

_____
Paul E. Davison, U.S.M.J.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(c), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Vincent Briccetti and not to the undersigned.

A copy of this Report and Recommendation has been mailed to:

Anson Whitted
P.O. Box 274
Buffalo, New York 14205[15]

---

[15]   Pursuant to Notice of Change of Address filed 6/26/13 (Dkt. #22).